IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. BERGO, et al., | No. C-05-4385 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT JOSEPH PATRICK MOLLOY'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SHAMROCK CONCRETE CONSTRUCTION, INC., et al., | |
| Defendants / | |

Before the Court is the motion, filed August 4, 2006 by plaintiffs Edward Bergo, Karl Bik, Cement Masons Vacation/Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for Northern California, and Cement Masons Apprenticeship and Training Trust Fund for Northern California, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants Joseph Patrick Molloy ("Molloy") and Shamrock Concrete Construction, Inc. ("Shamrock, Inc.") filed separate oppositions, to which plaintiffs jointly replied. Thereafter, in accordance with the Court's order of October 24, 2006, defendant Shamrock, Inc. filed supplemental opposition and plaintiffs filed a supplemental reply.[1]

Also before the Court is Molloy's cross-motion for summary judgment, filed October

---

[1] Although the Court's order of October 24, 2006 afforded Molloy the opportunity to file supplemental opposition, he did not.

6, 2006, pursuant to Rule 56. Plaintiffs have filed opposition thereto, to which Molloy has replied. Having considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

## BACKGROUND[3]

Molloy, pursuant to a Memorandum of Agreement signed February 13, 2002, agreed to be bound by the "Cement Masons Master Agreement for Northern California dated June 15, 1999 through June 15, 2005," as well as by "any future modifications, changes, amendments, supplements, extensions or renewals of or to said Master Agreement," (see Hagan Decl. Ex. A; Molloy Decl. ¶ 3); the Master Agreement was subsequently renewed through 2009, (see Hagan Decl. ¶ 8, Ex. C). The Master Agreement requires an employer to pay hourly contributions to certain trust funds for each hour paid for or worked by cement masons employed by such employer. (See Hagan Decl. ¶ 9, Ex. B at 15-17, Ex. C at 39-43.)

When Molloy signed the Memorandum of Agreement in 2002, he was a sole proprietor, doing business as Shamrock Concrete Construction. (See Molloy Decl. ¶ 3.) On January 14, 2003, Molloy incorporated under the name Shamrock Concrete Construction, Inc. ("Shamrock, Inc."). (See Bevington Decl. Ex. B; Molloy Decl. ¶ 4.) "By January 1, 2004, [Molloy] had stopped doing business as [a] sole proprietor," and, "[a]fter January 2004, "did not employ any workers." (See Molloy Decl. ¶ 5.) "Commencing January 1, 2004," Shamrock, Inc. employed construction workers and made trust fund contribution payments to plaintiffs. (See id.)[4]

In their complaint filed October 27, 2005, plaintiffs allege defendants failed to make required contributions.

---

[2] By order filed October 24, 2006, the Court vacated the hearing scheduled for October 27, 2006.

[3] The following facts are undisputed.

[4] Molloy is President, Chief Executive Officer, and Responsible Managing Officer for Shamrock, Inc. (See Molloy Decl. ¶ 4.)

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(b), (c).  Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id.  The Court may not weigh the evidence. See id. at 255.  Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor." See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court there is an absence of evidence to support the nonmoving party's case. See id. at 325.

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e); see also Liberty Lobby, 477 U.S. at 250.  The opposing party need not show the issue will be resolved conclusively in its favor. See id. at 248-49.  All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. See id.

//

**DISCUSSION**

Plaintiffs seek to recover unpaid contributions, as well as corresponding interest and liquidated damages, and also interest and liquidated damages corresponding to contributions alleged to have been made on an untimely basis. Plaintiffs seek to hold both Molloy and Shamrock, Inc. jointly liable for the entire amount assertedly owed.

**A. Molloy**

### 1. 2003 Contributions

Molloy does not dispute that under the terms of the Master Agreement, he was responsible for making contributions to plaintiffs corresponding to covered work performed by employees hired by Molloy in his capacity as a sole proprietor, and does not dispute that he employed workers in his capacity as a sole proprietor in 2003.

Plaintiffs offer evidence that contributions due in July 2003 through December 2003 were paid on an untimely basis, (see Hagan Decl. ¶ 12), that the interest owing on such unpaid contributions is $543.20, (see id. ¶¶ 9, 12; Bevington Decl. ¶ 6, Ex. E), and that the amount of liquidated damages owing on such unpaid contributions is $750.00, (see Hagan Decl. ¶ 9; Bevington Decl. ¶ 6, Ex. E). Molloy offers no evidence to the contrary, nor has he challenged the mathematical calculations made by plaintiffs.[5]

Accordingly, it is undisputed that Molloy is liable to plaintiffs in the amount of $1293.20

### 2. 2004 - 2006 Contributions

Plaintiffs offer evidence, discussed infra, that contributions, interest, and liquidated damages are owed to plaintiffs corresponding to work performed in 2004, 2005, and 2006

---

[5] Molloy argues that plaintiffs are not entitled to judgment as to interest and liquidated damages corresponding to contributions due in 2003 and paid on an untimely basis, because plaintiffs' moving papers refer in one passage to "the period January 2004 through May 2005," (see Pls.' Mot. at 2:21-24), and in another passage to "the period July 2003 through April 2005," (see id. at 4:24-26). Molloy does not articulate, however, much less demonstrate, any prejudice as a result of the above-referenced discrepancy. Molloy does not dispute that the contributions due for the period July 2003 through December 2003 were paid on an untimely basis, and the evidence offered by plaintiffs unambiguously refers to plaintiffs' receiving contributions due for the period July 2003 through December 2003 on an untimely basis. (See Hagan Decl. Ex. E.)

by employees of Shamrock, Inc.  In arguing Molloy is liable for such sums, plaintiffs rely on ¶ 30 of the Master Agreement, which provides that such "Agreement is binding upon each Individual Employer regardless of whether he/she or it changes the name or style or address of his/her or their business."  (See Hagan Decl. Ex. C ¶ 30).

Plaintiffs argue that the "obvious purpose" of ¶ 30 is to "prevent the individual employer from playing a shell game using different business names or styles to evade the obligations of the agreement."  (See Pl.'s Opp. to Molloy's Cross-Mot. at 4:23-25.) Consistent therewith, plaintiffs read ¶ 30 to provide that when an individual employer, such as Molloy, agrees to be bound by the Master Agreement, he remains bound by that Agreement irrespective of whether he later changes the name or form of his business. Such interpretation, plaintiffs argue, is further supported by the Memorandum of Agreement, which provides that even where the newly-named or newly-formed employer signs a new agreement with plaintiffs, the individual employer "continues to be bound" by the agreement he previously signed.  (See Hagan Decl. Ex. A.)

Molloy, although agreeing with plaintiffs that the "obvious purpose" of ¶ 30 is to prevent an individual employer from playing "a shell game," (see Reply in Support of Molloy's Cross-Mot. at 4:7-11), argues ¶ 30 should be interpreted as providing that where an individual employer incorporates, the new corporation, but not the individual employer, is liable under the Master Agreement.  This proposed interpretation is not persuasive.  First, such interpretation runs counter to the language of both the Memorandum of Agreement and Master Agreement, each of which provides for continuing liability of the "Individual Employer," i.e., the signatory thereto.  Second, were the Court to adopt Molloy's interpretation, a party signing the contract could avoid liability thereunder simply by engaging in the type of "shell game" both parties agree the contract sought to preclude.

Accordingly, the Court finds plaintiffs have demonstrated, as a matter of law, that Molloy is liable for the contributions owed by reason of covered work performed by

employees of Shamrock, Inc., and that Molloy is not entitled to summary judgment.[6]

Plaintiffs offer evidence that the following contributions, interest, and liquidated damages are owed for the period 2004 through 2006:

(1) Of "reported contributions" identified by Shamrock, Inc. on "Employer Reports" submitted to plaintiffs, defendants failed to pay the total amount of $72,604.76. (See Hagan Decl. ¶ 15, Ex. G.) The interest owing on such unpaid contributions is $11,592.84, (see id. ¶¶ 9,12; Bevington Decl. ¶ 6, Ex. D), and the amount of liquidated damages owing thereon is $11,592.84, (see Bevington Decl. ¶ 6, Ex. D).

(2) Plaintiffs' audit results uncovered that defendants did not report $22,097.95 in contributions due. (See Hagan Decl. ¶ 16). The interest owing on such unpaid contributions is $4539.62, (see Hagan Supp. Decl. ¶ 3), and the amount of liquidated damages owing thereon is $4539.62, (see id; Bevington Decl. ¶ 6, Ex. D).

(3) The interest owing on contributions paid on an untimely basis is $6393.52, (see Hagan ¶¶ 9, 12, Ex. G; Bevington Decl. ¶ 6, Ex. D at 2), and the amount of liquidated damages owing on untimely paid contributions is $2400, (see Hagan Decl. ¶ 9; Bevington Decl. ¶ 6, Ex. E).

Molloy has offered no evidence to the contrary, nor has he challenged the mathematical calculations made by plaintiffs.

Accordingly, plaintiffs have demonstrated, as a matter of law, that Molloy is liable to plaintiffs in the further amount of $135,761.15.

**B. Shamrock, Inc.**

**1. 2003 Contributions**

Plaintiffs argue that Shamrock, Inc. is jointly liable with Molloy for the $1293.20 due as a result of contributions owed in 2003 and paid on an untimely basis, on the ground Shamrock, Inc. is the "successor" to Molloy's sole proprietorship. (See Pls.' Reply at 6:1-5.) Setting aside the fact that plaintiffs articulate their successorship theory for the first time

---

[6] In light of this finding, the Court has not addressed plaintiffs' argument that Molloy's cross-motion is procedurally improper.

in plaintiffs' reply to Shamrock, Inc.'s opposition, thereby precluding Shamrock, Inc. from responding thereto, plaintiffs offer no evidence in support of a successorship theory.

Accordingly, plaintiffs have failed to show Shamrock, Inc. is, as a matter of law, jointly liable with Molloy for the above-referenced $1293.20.

### 2. 2004 - 2006 Contributions

Plaintiffs argue that Shamrock, Inc. is jointly liable with Molloy for the $135,761.15 due as a result of unpaid contributions, interest, and liquidated damages corresponding to obligations owed for the period 2004 through 2006. Shamrock, Inc. concedes it is "responsible for all contributions" owed to plaintiffs as of January 1, 2004, (see Shamrock, Inc.'s Opp. at 3:1-3), and has offered no evidence to dispute plaintiffs' evidence or calculations as to the amounts owed corresponding to that period.

Accordingly, it is undisputed that Shamrock, Inc. is jointly liable with Molloy for the above-referenced $135,761.15.

### CONCLUSION

For the reasons stated above:

1. Plaintiffs' motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

   a. To the extent plaintiffs claim plaintiffs are entitled to the total amount of $137,054.35, of which amount $135,761.15 is jointly and severally owed by Molloy and Shamrock, Inc., and $1293.20 is severally owed by Molloy, the motion is hereby GRANTED.

   b. To the extent plaintiffs claim Shamrock, Inc. is jointly liable with Molloy for the sum of $1293.20, the motion is hereby DENIED.

2. Molloy's cross-motion for summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 8, 2006

MAXINE M. CHESNEY
United States District Judge